**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN BALASSIANO,<br><br>                     Plaintiff,<br><br>                     v.<br><br>CAMPING WORLD RV SALES A/K/A<br>CAMPING WORLD OF NEW JERSEY -<br>LAKEWOOD,<br><br>                     Defendant. | Civil Action No. 24-7883 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Meyer's RV Centers LLC's d/b/a Camping World RV Sales[1] ("Camping World" or "Defendant") Motion to Dismiss. (ECF No. 4.) Plaintiff Norman Balassiano ("Plaintiff") opposed and filed a Cross-Motion to Remand. (ECF No. 7.) Defendant replied to the Motion to Dismiss and opposed the Cross-Motion to Remand (ECF No. 8), and Plaintiff replied in support of the Cross-Motion to Remand (ECF No. 9). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants Plaintiff's Cross-Motion to Remand and denies Defendant's Motion to Dismiss as moot.

---

[1] The moving Defendant is incorrectly identified in the Complaint (Compl., ECF No. 1-2) as "Camping World of New Jersey-Lakewood." The Court recognizes that there is one Defendant in this action, properly identified as Defendant Meyer's RV Centers LLC's d/b/a Camping World RV Sales. (*See* Notice of Mot. to Dismiss, ECF No. 4.)

## I. BACKGROUND

### A. Factual Background

On May 1, 2023, Plaintiff visited Camping World to purchase a 2024 Thor Compass RV ("Compass RV"), intending to use it as a mobile office. (*See* Am. Compl. ¶ 5, ECF No. 5.)[2] A sales representative informed Plaintiff that Defendant was the exclusive dealer of the Compass RV and that $140,000 was the best price. (*Id.* ¶ 6.) Plaintiff signed a purchase contract the same day. (*Id.* ¶ 7.)

Shortly after signing the purchase contract, however, Plaintiff discovered that the Compass RV was on sale for $110,000 at other dealerships and subsequently attempted to cancel the contract with Camping World within the prescribed twenty-four-hour cancellation period. (*Id.* ¶ 8.) The Camping World sales representative attempted to dissuade Plaintiff from canceling by asserting that other dealerships were too far away and did not perform service for the Compass RV, while neglecting to mention that all Compass RV dealers are required to provide service if the vehicle is

---

[2] Under Federal Rule of Civil Procedure 15(a)(1)(B), a Plaintiff may amend a complaint as a matter of course "[twenty-one] days after the service of a motion under Rule 12(b) . . . ." Moreover, when a plaintiff appropriately amends their complaint, "the amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Plaintiff filed an amended complaint nineteen days after Defendant filed its Motion to Dismiss. (*See* Am. Compl.; Def.'s Mot. to Dismiss, ECF No. 4.) Moreover, although the caption of Plaintiff's Amended Complaint incorrectly references the New Jersey Superior Court and its docket number from the original filing in state court, this Court acknowledges the error and deems the amended complaint properly filed here. Accordingly, Plaintiff's Amended Complaint is the operative pleading.

under warranty. (*Id.* ¶ 9.) After further negotiations, the sales associate lowered the price to $115,000, and Plaintiff agreed to the revised terms. (*Id.* ¶ 10.)

After the purchase, the Compass RV had numerous malfunctions, rendering it inoperable for 180 days over the following eleven months. (*Id.* ¶¶ 12-14.) As a result, Plaintiff could not use it as a mobile office as he had intended, and Plaintiff incurred additional costs for alternative transportation. (*Id.* ¶¶ 15-16.) Defendant repeatedly reassured Plaintiff about the Compass RV's condition during this period, and Plaintiff continued to make ongoing financing payments. (*Id.* ¶¶ 13, 15.) After these difficulties, which left the Compass RV inoperable for 180 total days, Plaintiff resold it back to Defendant for $80,900, suffering an unspecified financial loss. (*Id.* ¶ 20.)

**B.     Procedural Background**

Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Monmouth County, on June 18, 2024, asserting the following eight causes of action: (1) breach of contract (Count One); (2) promissory estoppel (Count Two); (3) unjust enrichment (Count Three); (4) negligence (Count Four); (5) violation of the New Jersey Motor Vehicle Warranty Act (Count Five); (6) violation of the Magnuson-Moss Warranty Improvement Act ("Magnuson-Moss Act") (Count Six); (7) violation of the Uniform Commercial Code (Count Seven); and (8) violation of the New Jersey Consumer Fraud Act (Count Eight). (Compl. ¶¶ 22-142.) Shortly thereafter, Defendant removed the action to this Court, invoking federal question jurisdiction. (Notice of Removal, ECF No. 1.) On August 7, 2024, Defendant then moved to dismiss the action for failure to state a claim. (Def.'s Mot. to Dismiss, ECF No. 4.) On August 26, 2024, Plaintiff filed an amended complaint, removing the claim for a violation of the Magnuson-Moss Act, the only

3

federal claim. (*See* Am. Compl.) On August 27, 2024,[3] Plaintiff opposed the Motion to Dismiss and filed a Cross-Motion for Remand, on the basis that following the amendment to the complaint, the Court no longer had subject matter jurisdiction. (Pl.'s Opp'n Br. 2, ECF No. 7.)[4] Defendant replied in support of the Motion to Dismiss and opposed the Cross-Motion to Remand (Def.'s Reply Br., ECF No. 8),[5] and Plaintiff responded[6] (Pl.'s Reply Br., ECF No. 9).

## II.   LEGAL STANDARD

### A.   Motion to Remand

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To hear a case, a federal court must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *See In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, provides that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

---

[3] Defendant correctly argues that Plaintiff filed his opposition brief late. Nevertheless, this Court has discretion to consider late filings and will exercise that discretion in this instance. *See Green v. Rowan Univ.*, No. 22-0039, 2023 WL 3675956, at *2 (D.N.J. May 26, 2023) (citing *Simpson v. City of Atl. City*, No. 04-4537, 2007 WL 869528, at *1 (D.N.J. Mar. 20, 2007)).

[4] Plaintiff filed this Cross-Motion twice (ECF Nos. 6, 7), seemingly in response to a quality control notice from the Clerk's Office.

[5] Defendant's reply was also untimely filed, but the Court will nonetheless exercise its discretion in considering the reply. *See Green*, 2023 WL 3675956, at *2 (citing *Simpson*, 2007 WL 869528, at *1).

[6] Local Civ Rule 7.1(h) states that, "[n]o reply brief in support of the cross-motion shall be served and filed without leave of the assigned Judge." Plaintiff's reply will therefore not be considered in deciding this motion.

§ 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

The removal statute is to be "strictly construed against removal." *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." (citation omitted)). Indeed, "[f]ederal courts are presumed not to have jurisdiction without affirmative evidence of this fact." *Nuveen Mun. Tr. v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (citation omitted). A district court must therefore remand a case that was removed if "at any time before final judgment it appears the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

### B. Motion to Dismiss

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When analyzing a motion to dismiss filed under Rule 12(b)(6), the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*,

578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Lastly, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Moreover, in considering a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

### III.    DISCUSSION

#### A.    Plaintiff's Cross-Motion to Remand

At the outset, the Court considers Plaintiff's Cross-Motion to Remand the action to state court. (*See generally* Pl.'s Opp'n Br.); *Mahmoud v. Canon Sols. Am., Inc*, No. 21-11935, 2021 WL 6197422, at *2 (D.N.J. Dec. 22, 2021) ("Although [d]efendants filed their [m]otion to [d]ismiss before [p]laintiff's [c]ross-[m]otion to [r]emand, this Court must consider [p]laintiff's [c]ross-[m]otion first because that motion is jurisdictional.") (citing *Newton v. S. Jersey Paper Prods. Co.*, No. 19-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020)). Plaintiff argues that following his amended complaint, there are no longer any claims under federal law, and therefore the Court lacks subject-matter jurisdiction. (*See* Pl.'s Opp'n Br. 2; Am. Compl.)

Contrary to Plaintiff's argument, however, amending a complaint to remove federal claims does not automatically defeat federal jurisdiction. *Cruz v. Aspen Landscaping Contracting, Inc.*, No. 20-8546, 2021 WL 457858, at *4 (D.N.J. Feb. 8, 2021). Jurisdiction is instead considered on the basis of the complaint "at the time the [notice of] removal is presented."[7] *Hartman v. Cadmus-Cenveo Co.*, No. 13-7494, 2014 WL 4662499, at *3 (E.D. Pa. Sept. 19, 2014) (emphasis removed) (quoting *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 124 (3d Cir. 1979)); *see also Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (explaining that when "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed" (citing *Abels*, 770 F.2d at 29)). For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). Simply put, it is a bedrock principle that for a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). At the time Defendant removed the instant matter to this Court, the Court had federal question jurisdiction by virtue of Plaintiff's Magnuson-Moss Act claim. *See* 15 U.S.C. § 2310. Additionally, in any action where district courts have original jurisdiction, they also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); *see also*

---

[7] Neither party asserts subject matter jurisdiction based on diversity, as both are residents of New Jersey. Accordingly, the Court does not consider diversity jurisdiction.

*New Rock Asset Partners*, 101 F.3d at 1507-08. At the time Defendant removed the case to federal court, therefore, this Court had original and supplemental jurisdiction over Plaintiff's entire complaint.

Because this Court had subject matter jurisdiction at the time of removal, Plaintiff's amendment to remove his Magnuson-Moss Act claim does not automatically divest this Court of jurisdiction to consider the remaining state law claims. Rather, the Court has the discretion to determine whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001) (noting that courts have "discretion to continue exercising supplemental jurisdiction" where the "federal court retains jurisdiction over what becomes a state law claim between non-diverse parties" (quoting *New Rock Asset Partners*, 101 F.3d at 1506)).

Where federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In particular, courts in this District have declined to exercise supplemental jurisdiction over state law claims where a plaintiff engages in post-removal conduct early in the litigation to dispose of its federal claims. *See, e.g., Alicea v. Outback Steakhouse*, No. 10-4702, 2011 WL 1675036 (D.N.J. May 3, 2011), *report and recommendation adopted*, No. 10-4702, 2011 WL 2444235 (D.N.J. June 9, 2011) (refusing to exercise supplemental jurisdiction over a removed case and remanding the action to the Superior Court of New Jersey after the plaintiff amended her complaint to withdraw federal claims); *Pacheco v. Rosenberg*, No. 12-4513, 2013 WL 588225 (D.N.J. Jan. 24, 2013), *report and recommendation adopted*, No. 12-4513, 2013 WL 588246

(D.N.J. Feb. 13, 2013) (remanding action and declining to exercise supplemental jurisdiction over state claims where party voluntarily dismissed federal claims).[8]

Moreover, the Third Circuit has held that where the federal claims which gave the basis for original jurisdiction are dismissed, a "district court *must* decline to decide the [supplemental] state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); *see also Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019) (finding "a court does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances").

There are no extraordinary circumstances in the instant case that compel the Court to retain jurisdiction over Plaintiff's state law claims. Plaintiff has amended his complaint to remove his federal claim, this action has been pending in federal court for a mere four months, and discovery has not begun. *See Chen v. UBS Bus. Sols. US LLC*, No. 24-4475, 2024 WL 4069355, at *3 (D.N.J. July 31, 2024) (recommending the district court decline supplemental jurisdiction over remaining state claims after the federal claim was dropped, the case had been in federal court for only four months, discovery had not yet begun, and the court had not invested substantial time or effort in the litigation), *report and recommendation adopted*, No. 24-4475, 2024 WL 4063746 (D.N.J. Sept.

---

[8] Even if Plaintiff engaged in manipulative practices by amending the complaint to eliminate the federal claim in an attempt to escape this Court's jurisdiction, such tactics alone do not obligate the Court to retain supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint . . . . This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims . . . .").

9

4, 2024); *Mann v. N.J. Dep't of Corr.*, No. 20-10486, 2021 WL 5016164, at *3 (D.N.J. Oct. 12, 2021) (recommending that, after the plaintiff dropped the federal claim, the District Court remand the remaining state law claims to state court because "despite the passage of time, this case is in its infancy"), *report and recommendation adopted*, No. 20-10486, 2021 WL 5015919 (D.N.J. Oct. 28, 2021).

Moreover, Defendant has not provided any argument to suggest that judicial economy, convenience, or fairness would be negatively impacted by the Court's decision to decline supplemental jurisdiction over Plaintiff's state law claims. Instead, Defendant simply asserts that the Court may still exercise its discretion regarding supplemental jurisdiction. (*See* Def.'s Reply Br. 2.) The Court finds Defendant's position unconvincing. *See Carnegie-Mellon Univ.*, 484 U.S. at 351 ("When the single federal-law claim in the action [i]s eliminated at an early stage of the litigation, the [d]istrict [c]ourt [has] a powerful reason to choose not to continue to exercise jurisdiction."); *Herbert v. Cnty. of Essex*, No. 19-20409, 2021 WL 3047028, at *2 (D.N.J. July 20, 2021) ("Although dropping the [federal] claim might deny [d]efendants their preferred federal forum, 'they are not entitled to one when they have a full and fair opportunity to litigate in state court.'" (quoting *Dirauf v. Berger*, 506 F. Supp. 3d 254, 263 (D.N.J. 2020))). Remand also "serve[s] the goal of judicial economy by permitting a case grounded in New Jersey state law to be decided from the outset by a New Jersey state court." *Mann*, 2021 WL 5016164, at *3. The Court hereby declines to exercise supplemental jurisdiction over Plaintiff's New Jersey state law claims.

    **B.**    **Defendant's Motion to Dismiss**

Defendant filed a motion to dismiss the amended complaint. (*See* Def.'s Mot. to Dismiss.) Since the matter will be remanded, however, the pending motion to dismiss will be denied as moot.

(*See* Def.'s Mot. to Dismiss); *see also Hartman*, 2014 WL 4662499, at *5 (denying as moot a defendant's motion to dismiss where plaintiff amended her complaint to withdraw previously asserted federal causes of action and the court was remanding the case); *Aguilar v. Hoy Health LLC*, No. 22-01291, 2022 WL 17730886, at *4 (D.N.J. Aug. 11, 2022) ("Because the case must be remanded, this Court need not address the parties' remaining disputes . . . [including] [d]efendants' motion to partially dismiss the amended complaint.").

## IV. CONCLUSION

For the above reasons, the Court grants Plaintiff's Cross-Motion to Remand and denies Defendant's Motion to Dismiss as moot. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE